SCHALL, Circuit Judge.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Vincent R. Terio’s appeal for lack of jurisdiction. Terio opposes.
The Court of Appeals for Veterans Claims denied Terio’s petition for a writ of mandamus, ruling that (1) there was no basis to direct the Board of Veterans’ Appeals to conduct a hearing because Terio had an initial hearing before the Board on his claim for a sinusitis rating, (2) Terio did not exhaust his administrative remedies with regard to his request for a Board rehearing, (8) the Board’s alleged delay was not so extraordinary to warrant mandamus relief, and (4) there was no clear and indisputable basis to advance Terio’s case at the Board.* Terio appealed to this court.
Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Appeals for Veterans Claims is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Appeals for Veterans Claims with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review “(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2). If an appellant’s case does not meet these criteria, 38 U.S.C. § 7292(d) requires this court to dismiss the appeal. See In re Bailey, 182 F.3d 860 (Fed.Cir.1999).
Terio argues in his opposition to the motion to dismiss that the Court of Appeals for Veterans Claims erred in concluding that he had a hearing on his sinusitis claim. He states that he was “denied the right to a hearing and a right to a final decision by the ‘Board.’ ” These are challenges to the facts or the application of law to the facts of Terio’s case. Terio does not does not challenge the validity or interpretation of any statute or regulation or raise a constitutional issue. Therefore, our limited jurisdiction does not permit review. See 38 U.S.C. § 7292.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion-to dismiss is granted.
(3) Each side shall bear its own costs.

 We note that on March 8, 2001, the Board issued a decision granting an initial rating of 10% for tinnitus from July 21, 1988 to the present and remanding Terio’s claim for entitlement to a rating for sinusitis in excess of 0 percent. In a separate order issued on the same date, the Board remanded Terio’s claim for entitlement to vocational rehabilitation benefits.
Terio recently submitted to this court a "petition for review of a preliminary order of the Board of Veterans Appeal.” In that submission, Terio seeks review of the Board’s March 8 order "remanding and consolidation without authority appeals BVA 90-52 910 and 99-01 780A.” This court lacks jurisdiction to directly review the Board’s order. Our jurisdiction extends to review of decisions of the Court of Appeals for Veterans Claims. 38 U.S.C. § 7292.